NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RALPH M. MALONE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3197

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-94-0834-I-1.

---

Decided: January 8, 2016

---

RALPH M. MALONE, San Tan Valley, AZ, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* REYNA and WALLACH, *Circuit Judges.*

PER CURIAM.

Ralph M. Malone appeals the final decision of the Merit Systems Protection Board ("Board"), dismissing his petition for review as untimely filed. For the reasons discussed below, we affirm.

BACKGROUND

In July 1978, Mr. Malone, a former employee of the United States Postal Service, was granted disability retirement. In August 1981, Mr. Malone became employed as an annuitant for the Department of Treasury, Internal Revenue Service. During this time, Mr. Malone continued to receive his disability annuity. Mr. Malone's employment with the Department of Treasury ended in 1984 when his employment was involuntarily terminated. After his separation from the Department of Treasury, Mr. Malone began to receive a supplemental annuity based on his reemployment service.

Subsequently, the Department of Treasury learned that it had incorrectly classified Mr. Malone as a full-time employee rather than an annuitant. On June 26, 1986, the Department of Treasury submitted a Standard Form 2806-1, Notice of Correction of Individual Retirement Record to the Office of Personnel Management ("OPM"). Mr. Malone appealed this action to the Board and argued that he was a regular employee. Mr. Malone also noted that his involuntary termination of employment had been voided as an improper action. In support of this assertion, Mr. Malone enclosed a copy of a Notification of Personnel Action form dated March 27, 1986, which he claimed rescinded the prior termination action.

On October 26, 1994, Mr. Malone entered into a settlement agreement with the OPM. Under the terms of the settlement, Mr. Malone agreed to dismiss his appeal. In exchange, the OPM agreed that should Mr. Malone recover from his disability and become reemployed by the Federal government, his rate computation would include

credit for his prior service, including his reemployment between 1981 and 1984.

After reaching the age of sixty, Mr. Malone submitted "an application for Immediate Retirement benefits." Pet'r's Informal Reply Br. 3. According to Mr. Malone, from 1978 until 2008, when he turned sixty, he was an employee of the Federal government receiving disability benefits and thus eligible for additional retirement benefits. The OPM construed Mr. Malone's application as one for a "re-determined annuity" and found that he was not eligible. Resp't's App. 7. The OPM based its finding partly on the fact that Mr. Malone was not employed by the Federal government after 1984. Mr. Malone timely appealed the OPM's determination to the Board.

Mr. Malone's appeal partly relied on a claim that the OPM procured the 1994 settlement agreement through fraud. According to Mr. Malone, his 1984 termination was rescinded in 1986 by operation of the Notification of Personnel Action form. However, Mr. Malone asserted that he was not aware of the form and only learned of its existence in 2011. According to Mr. Malone, had he known of the form, it would have impacted his decision on whether to enter into the settlement agreement.

In addressing Mr. Malone's appeal, the administrative judge determined that he did not have jurisdiction to determine the validity of the 1994 settlement agreement. The judge presented Mr. Malone with a choice: he could have his appeal dismissed without prejudice and request that the full Board review the settlement agreement, or he could continue the appeal under the assumption that the 1994 agreement was valid. Mr. Malone opted to dismiss his appeal without prejudice and file a petition for review.

On February 4, 2015, Mr. Malone submitted a petition for review of the 1994 settlement agreement and a motion to accept the filing as timely. In his petition, he again

asserted that the OPM had concealed the 1986 Notification of Personnel Action form and he only became aware of it when he obtained a complete copy of his Disability Retirement File in 2011. Mr. Malone also noted that in April 2013, he filed a civil suit to obtain a copy of his Official Personnel Folder and that he was still waiting for the file.

In an initial decision, the Board found that Mr. Malone's petition for review of the 1994 settlement was untimely filed without good cause shown. Mr. Malone subsequently filed a petition for review of the initial decision. After additional briefing, the Board affirmed the initial decision and again found that the petition for review of the 1994 settlement was untimely and that Mr. Malone had not provided good cause for the delay. This appeal followed.

## DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The sole issue before us in this appeal is whether the Board appropriately dismissed Mr. Malone's petition for review the 1994 settlement agreement as untimely. A petition for review must be filed "within 35 days after the date of issuance of the initial decision . . . ." 5 C.F.R. § 1201.114(e). The Board may waive the thirty-five day deadline "only if the party submitting the motion shows good cause." 5 C.F.R. § 1201.114(f). "The decision to waive the time limit to appeal to the Board is committed to the discretion of the Board, and is reversed only for abuse of that discretion." *Herring v. Merit Sys. Prot. Bd.*, 778 F.3d 1011, 1013 (Fed. Cir. 2015).

As an initial matter, we conclude that the Board did not fail to apply the proper law. To determine whether to grant a motion to accept a filing as timely, there are no specific criteria that the Board must use. *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994). However, the Board has identified a list of factors that should be considered in determining whether good cause has been shown:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Id.* (quoting *Alonzo v. Dep't of the Air Force*, 4 M.S.P.B. 262, 264 (1980)). In addition, the Board should take a petitioner's pro se status into consideration. *See id.* at 1583.

In determining whether Mr. Malone had shown good cause, the Board considered the length of the delay, the reason for the delay and whether Mr. Malone had shown due diligence, Mr. Malone's pro se status, and the existence of circumstances beyond his control that affected his ability to comply with the time limits. The factors considered by the Board in Mr. Malone's case mirror the factors applied by the Board in similar cases. Consequently, the Board did not fail to apply the proper law and acted in accordance with the law.

Because the Board applied the proper law to Mr. Malone's motion, we will not disturb the Board's determination if it is supported by substantial evidence. We

conclude that the Board's determination that Mr. Malone's petition for review of the 1994 settlement agreement was untimely is supported by substantial evidence.

Mr. Malone contends it was not possible for him to challenge the validity of the settlement agreement until he learned of the 1986 Notification of Personnel Action form. He claims that he was unaware of the 1986 form until 2011. However, Mr. Malone provided a copy of the form as part of his submission to the Board when he challenged the Department of Treasury's 1986 correction to his retirement record. It was Mr. Malone's appeal of that correction which led to the 1994 settlement agreement that Mr. Malone now seeks to challenge. Thus, the Board had evidence that Mr. Malone was in possession of the 1986 Notification of Personnel Action form before he entered into the 1994 settlement agreement. Based on this evidence, the Board could reasonably infer that Mr. Malone was aware of the 1986 form before 2011 and was able to pursue his claim at any time during the more than twenty years between the 1994 settlement agreement and his 2015 filing of the petition for review of that settlement. Consequently, the Board's determination that Mr. Malone failed to show good cause for the delay was supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, we affirm the Board's decision and deny Mr. Malone's request for remedies. We note that our opinion only concerns the single question of whether Mr. Malone's petition to review the 1994 settlement agreement was timely filed. As Mr. Malone's appeal regarding his re-annuity determination was dismissed without prejudice, he is free to continue that appeal, assuming he has complied with any conditions set forth by the administrative judge.

## AFFIRMED

### COSTS

Each party shall bear their own costs.